**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 17 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE ROBERTO ALDANA SOSA, | No. 16-73875 |
| Petitioner, | Agency No. A205-476-548 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2022**
San Francisco, California

Before: S.R. THOMAS, GOULD, and BEA, Circuit Judges.

Petitioner Jose Aldana Sosa seeks review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from an Immigration Judge's ("IJ") decision denying his application for withholding of removal, asylum, and protection under the Convention Against Torture ("CAT"). We write for the parties and assume

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

their familiarity with the facts. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

1. Petitioner argues that the IJ failed to make an explicit adverse credibility finding, and that therefore, the BIA should have remanded to the IJ with instructions to make an express credibility determination. However, this assertion is plainly contradicted by the IJ's written decision. Under Section III.D, entitled "Credibility," the IJ found as follows: "The Court finds that the respondent's testimony was **not** consistent with the affidavit in his I-589 asylum application. . . . The Court finds that the respondent lacks credibility." (emphasis in original). An adverse credibility finding "does not require the recitation of a particular formula." *Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010). Here, it is clear the IJ made an explicit adverse credibility determination.

2. "Because the BIA adopted the IJ's decisions, we review not only the decision of the BIA, but those of the IJ as well." *B.R. v. Garland*, 26 F.4th 827, 835 n.4 (9th Cir. 2022) (citing *Matter of Burbano*, 20 I. & N. Dec. 872, 876 (BIA 1994)). The IJ's adverse credibility determination is supported by substantial evidence. In his I-589 application, Petitioner stated that he had been in a motorcycle accident in which the brother of a bodyguard for local drug traffickers was killed, resulting in the bodyguard making threats against Petitioner's life. However, Petitioner's submitted evidence contains only a single police report concerning an automobile

2

accident, one in which the affected motorcyclist lived, having suffered only a broken bone. When asked why he failed to submit a police report of the allegedly fatal motorcycle accident, Petitioner gave no answer, stating that "[i]t was my mistake to not clear that up, but if you give me another opportunity, I will." Yet on appeal, Petitioner failed to produce this police report to the BIA. Additionally, when asked by the IJ why Petitioner presently feared harm in Guatemala, he referred to the incident of his father being killed by cattle thieves, although he acknowledged that these cattle thieves had not threatened him in any way. Ultimately, Petitioner admitted that "life in Guatemala is too hard. That's why I don't want to go back there." Altogether, substantial evidence supports the IJ's adverse credibility finding.

3. Even assuming that Petitioner had credibly testified, his withholding of removal and asylum claims would nonetheless fail. Before the IJ, Petitioner argued membership in the particular social group of "Males in Guatemala who have refused to pay taxes imposed by gang members." The IJ did not err in holding that this is not a cognizable social group. *See Ochoa v. Gonzales*, 406 F.3d 1166, 1170–71 (9th Cir. 2005) (holding that "business owners in Colombia who rejected demands by narco-traffickers to participate in illegal activity" was too broad to qualify as a particular social group), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc).

4. The IJ's determination that Petitioner was ineligible for CAT protection is

supported by substantial evidence. Petitioner never alleged that any harm he feared would occur "by or at the instigation of or with the consent or acquiescence of a public official acting in an official capacity or other person acting in an official capacity." 8 C.F.R. § 208.18(a)(1). Instead, when discussing why he failed to alert the Guatemalan police of the aforementioned threats from the gang-affiliated bodyguard, Petitioner made general statements that "the police, they are bribed by [the gangs]." When asked if he had any evidence in the form of "letters, affidavits, documents, [or] federal police reports" that the police were corrupted by the individuals he feared, Petitioner replied: "No, I don't have that." Petitioner raised no other issues concerning the Guatemalan government or police. Accordingly, his CAT claims fail.

**PETITION FOR REVIEW DENIED**